UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT CHUCK HILLE, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CASE NO. 15-CV-693-FHM |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| DEFENDANT. ) | |

## OPINION AND ORDER

Plaintiff, Robert Chuck Hille, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

---

[1] Plaintiff Robert Chuck Hille's application was denied initially and upon reconsideration. A hearing before Administrative Law Judge (ALJ), B. D. Crutchfiled, was held on June 30, 2014. By decision dated September 8, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on October 8, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 55 years old on the alleged date of onset of disability and 57 on the date of the denial decision.  Plaintiff has an 8th grade education.  His past work experience includes heavy equipment operator.  Plaintiff claims to have become disabled as of February 8, 2013 due to diabetes, high blood pressure, bad back, bad hips, arthritis, and right knee problems.  [R. 227].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to degenerative disc disease; non-severe impairments include diabetes mellitus, hypertension, alleged hearing loss, and alleged arthritis in the hands, hips, knees, and back.  [R. 13].  The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of medium work with normal breaks.  [R. 14].  Although Plaintiff is unable to perform his past relevant work, based on the testimony of the vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform

with these limitations. [R. 29-30]. Accordingly, the ALJ determined that Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff argues that the ALJ erred by failing to make findings consistent with the regulations and Agency policy requiring that the medical necessity of Plaintiff's need for an ambulatory assistive device be addressed and subsequently accounted for in the RFC finding. [Dkt. 16, p. 2].

## **Analysis**

The issue presented by Plaintiff's argument is whether the record contains sufficient medical documentation of Plaintiff's need for a cane to stand and walk such that the ALJ was required to make a determination of the medical necessity of Plaintiff's use of a cane. Absent medical documentation of Plaintiff's need for a cane, Plaintiff's use of a cane does not enter into the calculation of Plaintiff's RFC. However, if the medical documentation is sufficient, then the ALJ could determine that additional limitations should be included in the RFC.

In support of his argument that there is sufficient medical documentation in the record, Plaintiff points to the statement of Johnson Gourd, M.D., who examined Plaintiff at the request of the agency. Dr. Gourd noted, "Gait: stable and steady with use of assistive devices–brings in a straight stick, able to rise from a seated position but with difficulty, ambulates at an appropriate speed using his walking stick." [R. 314].

Plaintiff also points to the statement of Minor W. Gordon, Ph.D., who performed a psychological evaluation of the Plaintiff at the request of the agency. Dr. Gordon reported, "He ambulated with the use of a cane and with a slight limp favoring his right side." [R. 380]. Defendant responds that the statements of Drs. Gourd and Gordon were merely observations which did not state that Plaintiff's use of a cane was medically necessary or suggest functional limitations. [Dkt. 19, p. 9-10].

In *Staples v. Astrue*, 329 F. App'x 189 (10th Cir. 2009)(unpublished), the court found that a doctor's statement that the Plaintiff "still uses a cane to walk" was insufficient medical documentation to support a finding of medical necessity. This statement is very similar to the statement of Dr. Gordon. Therefore, Dr. Gordon's statement does not constitute sufficient medical documentation. However, the statement of Dr. Gourd is much more specific and was made in the context of a physical assessment of Plaintiff. Dr. Gourd's statement could fairly be read to mean that Plaintiff can only effectively walk and stand with the use of a cane. The statement could also be read as an observation without any comment on the need for the cane. The court simply does not know how, or even if, the ALJ resolved the issue because the ALJ did not address it in the decision.

The court therefore remands the case to the Commissioner to determine whether Plaintiff's use of a cane was medically necessary and the effect, if any, on Plaintiff's RFC.

## Conclusion

The ALJ's decision is therefore REVERSED and the case REMANDED for further proceedings in accordance with this Opinion and Order.

SO ORDERED this 13th day of December, 2016.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE